ROBERT S. McLAY (SBN 176661)
rmclay@hayesscott.com
CHERIE M. SUTHERLAND (SBN 217992)
csutherland@hayesscott.com
JOSHUA N. KASTAN (SBN 284767)
jkastan@hayesscott.com
**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Suite 480
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendants
STATE FARM GENERAL INSURANCE COMPANY and
DELORES HAYES

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN FOOTE; CHRISTINE FOOTE<br><br>    Plaintiffs,<br><br>vs.<br><br><br>STATE FARM GENERAL INSURANCE COMPANY; DELORES HAYES; and DOES 1-20, inclusive,<br><br>    Defendant. | CASE NO.<br><br>[*Formerly Marin Co. Superior Court – Case No. CIV1502141*]<br><br>**DEFENDANTS STATE FARM GENERAL INSURANCE COMPANY AND DELORES HAYES' NOTICE OF REMOVAL OF STATE ACTION UNDER 28 U.S.C SECTIONS 1332 AND 1441(a); DEMAND FOR JURY TRIAL** |

**TO THE CLERK OF COURT AND TO ALL PARTIES HEREIN:**

PLEASE TAKE NOTICE that Defendants State Farm General Insurance Company ("State Farm") and Dolores Hayes ("Hayes") hereby remove to this Court the state action described below:

1. State Farm and Hayes are the only defendants in the civil action commenced on June 10, 2015 in the Superior Court of the State of California, County of Marin, Case No. CIV-1502141, entitled <u>John Foote et al. v. State Farm General Insurance Company et al</u>. A copy of the Complaint, along with the exhibits thereto, is attached hereto as **Exhibit "1"** and is incorporated as part of this notice.

2. Counsel for State Farm and Hayes executed Notices of Acknowledgment of Receipt of the Summons and Complaint on behalf of both State Farm and Hayes on July 29, 2015. True and correct copies of said Notices of Acknowledgment of Receipt are attached hereto as **Exhibit "2"** and are incorporated as part of this notice.

**JURISDICTION**

**A.   Removal Jurisdiction Based on Diversity of Jurisdiction**

3. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by State Farm and Hayes pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and all non-fraudulently joined parties are citizens of different states.

4. Pursuant to 28 U.S.C. section 1446(d), State Farm and Hayes will also file with the Marin County Superior Court a copy of this Notice of Removal.

**B.   Minimum Amount in Controversy Exceeds $75,000**

5. This is an insurance bad faith case. The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature of the claims and the amount and type of damages sought in the Complaint.

6. In the instant action, and based on the face of the Complaint, Plaintiffs John Foote and Christine Foote ("Footes") seek at least $223,264 in damages. (Compl., Prayer

|   |   |   |
|---|---|---|
| 1 |   | for Relief, ¶ 1.) While State Farm and Hayes dispute the Footes' claims and |
| 2 |   | damages, it is evident from the allegations that the minimum amount in controversy |
| 3 |   | required for diversity jurisdiction has been satisfied. |
| 4 | 7. | Within the Complaint, the Footes allege that they and a Marin County home |

7. Within the Complaint, the Footes allege that they and a Marin County home ("Subject Premises") were insured under a homeowners' insurance policy issued by State Farm ("Policy"). (Compl., ¶ 7.) This matter arises out of the Footes' claim under the Policy following a fire at the Subject Premises that occurred on June 16, 2011. (Compl., ¶ 9.) The Complaint alleges that the fire "caused substantial damage and loss" to the Subject Premises and to the Footes' personal property. (*See, e.g.*, Compl., ¶ 9.)

8. The Footes contend that due to said fire and their subsequent insurance claim to State Farm under the Policy, they are entitled to various additional sums from State Farm due to the losses they supposedly sustained in the fire and as a result of the handling of their insurance claim. (Compl., ¶¶ 12-15.) Among the allegations within the Complaint, the Footes pray for damages including: "[a]t least $194,490 under Coverage A of the Policy"; "at least another $22,524" under Coverage B of the Policy; and "[a]t least $6,250 under Coverage C of the Policy[.]" (Compl., Prayer for Relief, ¶ 1(a)-(c).)

9. The Footes also assert a claim for attorneys' fees and costs pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813. (Compl., Prayer for Relief, ¶ 2.)

10. In addition, the Footes seek punitive damages. (Compl., Prayer for Relief, ¶ 3.) Even if the Court adopts a "due process multiplier" of just one times actual damages in calculating potential punitive damages, the amount in controversy would be more than $75,000. (*Johnson v. Ford Motor Co.*, 35 Cal.4th 1191 (2005); *Wysinger v. Automobile Club of Southern California*, 157 Cal.App.4th 413 (2007).)

11. The Footes allege claims of breach of contract (against State Farm), breach of the implied covenant of good faith and fair dealing (against State Farm), and intentional

misrepresentation (against State Farm and Hayes).[1] (*See generally* Compl.)

C. **Excluding Claim Representative Hayes Who Was Fraudulently Joined, Complete Diversity of Citizenship Exists**

12. At the time of the commencement of this action, and at all times since, Plaintiffs John Foote and Christine Foote ("Footes") have been and continues to be citizens of the State of California, having been residents of Marin County within the State of California. (Compl., ¶ 1.)

13. At the time of the commencement of this action, and at all times since, State Farm has been, and still is, a corporation of the State of Illinois, being incorporated under the laws of Illinois, and has had and continues to have its principal place of business in Illinois. (Compl., ¶ 2.)

14. The citizenship of Hayes must be disregarded for the purposes of assessing diversity jurisdiction as she is a fraudulently-joined defendant. (*See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).) Where a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." (*McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987).) As addressed at length in State Farm and Hayes' Motion to Dismiss filed concurrently herewith, Hayes was a claim representative handling the Footes' insurance claim to State Farm, and was acting within the course and scope of her employment at all times relevant to the allegations within the Complaint. The Footes allege only a cause of action for intentional misrepresentation against Hayes. However, because an intentional misrepresentation claim against a claim representative is *only* cognizable under very narrow circumstances in California – none of which are applicable here – there is no possibility for recovery against Hayes as an individually-named party

---

[1] The Footes' intentional misrepresentation cause of action is the subject of State Farm's and Hayes' Motion to Dismiss, filed concurrently herewith. The Footes fail to state a claim for intentional misrepresentation and, and at a minimum, cannot plead such a claim against an individual insurance claim representative such as Hayes based on the facts alleged within the Complaint.

based on the allegations in the Complaint.  As a result, Hayes' joinder in this lawsuit should be "deemed fraudulent, and [her] presence in this lawsuit [should be] ignored for the purposes of determining diversity . . . ."  (*Morris v. Princess Cruises*, *supra*, 236 F.3d at 1067.)

### INTRADISTRICT ASSIGNMENT

15.   The United States District Court for the Northern District of California, San Francisco Division, embraces the District and Division in which the state court action as filed, and thus said Court and Division are the proper venue for this action pursuant to 28 U.S.C. section 84(a) and Civil L.R. 3-2(c)-(d).

Dated:  August 27, 2015        **HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**

By_____
ROBERT S. McLAY
CHERIE M. SUTHERLAND
JOSHUA N. KASTAN
Attorneys for Defendants
STATE FARM GENERAL INSURANCE COMPANY
and DOLORES HAYES

### DEMAND FOR JURY TRIAL

Defendants State Farm General Insurance Company and Dolores Hayes hereby demand a trial by jury.

Dated:  August 27, 2015        **HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**

By_____
ROBERT S. McLAY
CHERIE M. SUTHERLAND
JOSHUA N. KASTAN
Attorneys for Defendants
STATE FARM GENERAL INSURANCE COMPANY
and DOLORES HAYES